No. 58458.—Italian Shipping Co. a/c Cristando & Co. *v.* United States, petition 7100–R (New York).

EKWALL, Judge: This is a petition for the remission of additional duties assessed under section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489) on artificial flowers imported from Italy. From the record, it appears that the proper value for these artificial flowers was made the subject of a test case before this court. From the testimony of the two witnesses who appeared on behalf of the petitioner, the following facts were presented: The entry clerk of the customhouse broker, who made entry for the petitioner, prepared a submission sheet which he presented to the United States examiner of this class of merchandise, together with the consular invoice. The examiner informed him that the merchandise should be entered on the basis of United States value. The clerk thereupon informed the petitioner of the information received from the examiner and the witness was told that he should make entry according to the invoice value (which represented foreign value), for the reason that a test case was to be made in order to determine the proper statutory value.

Petitioner's second witness, the accountant for the consignee, Cristando & Co., who was in charge of the administrative work in reference to the importation of artificial flowers from Italy into the United States, testified that said Cristando & Co. had a branch factory in Italy and made arrangements to have the flowers produced in that country and imported exclusively by it into the United States. At the time the company undertook to establish this branch factory, the witness consulted with the United States examiner of artificial flowers, telling said examiner of the various steps contemplated in the establishment of said factory and the importation of these artificial flowers. The examiner, as we understand the testimony, agreed with the witness that the methods of procedure and importation seemed proper. The importing firm then brought in about a dozen shipments and instructed its customhouse broker to enter the merchandise according to the invoice prices. This was done and the duty paid. Thereafter, the broker, the Italian Shipping Co., informed Cristando & Co. that increased duty was due because of the fact that the examiner did not think the merchandise was properly entered; that entry should have been made upon the basis of United States value. The witness consulted with the examiner, who made certain suggestions as to establishing a market for these artificial flowers in Italy. These suggestions were followed and, subsequently, sales were made in the home market at the prices shown on the invoices here involved, thus, apparently, establishing a foreign value. It was the opinion of the examiner, as expressed to this witness, that, as to the instant importations, appraisement was properly made on the basis of United States value. Upon advice of counsel, it was decided to try a test case in order to establish the proper dutiable value for this merchandise.

This witness testified that in making entry and in giving instructions to the customhouse broker there was no intent to defraud the revenue of the United States; no facts were concealed from the appraiser, the examiner was consulted as to all the steps taken in this matter, and his instructions were followed.

It is clear from this record, which was not refuted by the Government, that the entry in this case at a value below that of the final appraised value was without intent to defraud or deceive the Government officials; that there were no attempts to conceal the facts from the Government officials; and that there was an honest difference of opinion between the Government officials and the importer and his broker in this case.

Upon this state of the record, we find that the petition should be and the same is hereby granted. See *United States* v. *Daimon Raike & Co.*, 17 C. C. P. A. (Customs) 406, T. D. 43836.